| | | |
|---|---|---|
| **LATERESA MORGAN, INDIVIDUALLY AND O/B/O MINOR E.W.** | * | **NO. 2023-CA-0326** |
| | * | |
| | | **COURT OF APPEAL** |
| **VERSUS** | * | |
| | | **FOURTH CIRCUIT** |
| **KIPP NEW ORLEANS, INC. AND HANOVER INSURANCE GROUP** | * | |
| | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-11956, DIVISION "J"
Honorable D. Nicole Sheppard,
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

Danatus Norman King
DANATUS KING & ASSOCIATES
2475 Canal Street, Suite 308
New Orleans, LA 70119

John W. Milton
Ryan Elton King
KING MILTON LAW GROUP, L.L.C.
213 East Willow Street
P.O. Box 91362
Lafayette, LA 70509

      COUNSEL FOR PLAINTIFF/APPELLANT

Melissa M. Lessell
Casey B. Wendling
Denia S. Aiyegbusi
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, LA 70130

      COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**JANUARY 26, 2024**

*DLD*
*SCJ*
*KKH*
In this personal injury case, the plaintiff, Lateresa Morgan, individually and on behalf of her minor child, E.W., appeals the district court's granting of summary judgment in favor of the defendants, KIPP New Orleans, Inc. and Hanover Insurance Group ("Hanover"). For the reasons that follow, we affirm the ruling of the district court.

**FACTS AND PROCEDURAL HISTORY**

Ms. Morgan alleges that her minor child, E.W., was sexually battered on Friday, December 1, 2017, while a student at KIPP Morial School. At the time of the alleged incident, E.W. was in the fourth grade. E.W. also had a "Medical Plan" in his record implementing the Buddy System, which required E.W. to have a "Buddy" (another student) with him when he left the classroom due to his type 1 diabetes. On the date of the incident, E.W. was in math class near the end of the school day and asked to go to the restroom. He was allowed to go alone and told to come right back to class. When E.W. returned to the classroom, he told his

1

teacher, Amanda Steptore, that another student touched him inappropriately in the restroom.

Ms. Steptore asked E.W. for additional details about the incident, went to speak to the other student involved, and reported the incident to KIPP administrators. When E.W. arrived home, he told Ms. Morgan that he had been inappropriately touched in the bathroom at school. Thereupon, Ms. Morgan contacted Ms. Steptore via text message. Ms. Steptore called Ms. Morgan to discuss the incident.

On Monday, December 4, 2017, KIPP administrators examined video surveillance footage and determined that E.W. and the other student in question were not in the bathroom at the same time and the only contact that occurred was a brief open-handed touch of the lower back while the other student passed E.W. while E.W. was looking out of a window in the hallway. Also on December 4, 2017, pursuant to Ms. Morgan's request, the police arrived at KIPP Morial School to conduct an investigation. The police interviewed several KIPP employees and E.W.'s parents. The police also viewed the KIPP's video surveillance footage of the incident. Thereafter, the police closed their investigation. KIPP completed and closed its investigation on the following day, Tuesday, December 5, 2017.

On November 29, 2018, Ms. Morgan filed a petition for damages, on behalf of herself and E.W., against KIPP New Orleans and Hanover. She alleges that due to KIPP's failure to implement the Buddy System, E.W. was allowed to leave the classroom without a Buddy and was sexually battered by an older student. Ms.

2

Morgan also alleges that KIPP failed to notify her about the incident or report it to the proper authorities.

After time for adequate discovery to be conducted, KIPP filed a motion for summary judgment and memorandum in support of summary judgment on August 11, 2022. KIPP argued that no sexual battery took place. KIPP also maintained that it did not breach any duty of care as it exercised reasonable, competent supervision appropriate for the circumstances. Additionally, KIPP alleged that Ms. Morgan had no support for any claim that KIPP's failure to notify her about the touching and/or failure to implement the buddy system had any impact on the situation and/or rendered KIPP negligent in anyway. KIPP attached the transcript of the deposition of Ms. Morgan and the affidavit of James O'Donnell, KIPP's Manager of Student Support Services at the time of the incident in question, which specifically references, authenticates and attaches surveillance video depicting the December 1, 2017 incident in question.

Ms. Morgan filed her opposition to the motion for summary judgment on September 27, 2022. She focused on the incident itself and argued that had KIPP implemented and used the Buddy System, this would have prevented the incident from occurring.

Hearings on the motion for summary judgment took place on October 12, and November 4, 2022. Following these hearings, the trial court granted the motion for summary judgment filed on behalf of KIPP and Hanover, thereby dismissing with prejudice Ms. Morgan's claims against them. On November 16,

3

2022, the trial court issued a signed final judgment granting the defendants' motion for summary judgment. It is from this judgment that Ms. Morgan now appeals.

**DISCUSSION**

On appeal, the plaintiff raises the following assignments of error: (1) the trial court erred in finding KIPP did not breach its duty of reasonable supervision of E.W. and M.B.[1]; (2) the trial court erred in finding that KIPP's failure to implement the Buddy System was not the legal or proximate cause of E.W.'s injuries; and (3) the trial court erred in not finding that KIPP breached its duty to timely notify E.W.'s parents of the improper touching of E.W.

To determine whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria employed by the trial court. *Quantum Resources Mgmt., LLC v. Pirate Lake Oil Corp.*, 12-1472, p. 5 (La. 3/19/13), 112 So.3d 209, 214.

Summary judgment, which is favored in Louisiana, is required when the "motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "[I]f the mover does not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse

_____

[1] M.B. is the other student involved in the incident.

party's claim, action, or defense." La. C.C.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967(B). "If he does not so respond, summary judgment, if appropriate, shall be rendered against him." *Id.*

In the instant case, the defendants supported their motion for summary judgment with properly authenticated video surveillance footage, which shows the incident giving rise to the plaintiff's lawsuit. As shown by the surveillance video, M.B. was walking down the hallway with his hand outstretched, brushing his fingers against the wall as he walked. M.B. passes by E.W. as he proceeds down the hallway. The video clearly depicts the point of contact, the duration of contact, and the type of contact. It is less than one second in duration and consists of an openhanded brush across E.W.'s lower back. There are no genuine issues of material fact. The incident shown on the video was not a sexual battery. Furthermore, constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision. *See Wallmuth v. Rapides Parish Sch. Bd.*, 01-1779 (La. 4/3/02), 813 So.2d 341. Generally, teachers

5

are obliged to use only that supervision and discipline required of a reasonably prudent person under the circumstances at hand. *Brammer v. Bossier Parish Sch. Bd.*, 50,220, p. 5 (La. App. 2 Cir. 11/25/15), 183 So.3d 606, 612.

KIPP and Hanover have demonstrated that Ms. Morgan will not be able to meet her evidentiary burden at trial as she cannot prove that KIPP and /or its employee's actions were in breach of the standard of care; the risk of injury was foreseeable; and/or KIPP had a duty to report the incident to the plaintiff and the authorities before completing their investigation. Accordingly, summary judgment was appropriate in this case.

**CONCLUSION**

For the above and foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED**